UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATIM ABDEL MONGY ABDALA BAKER,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center,<br>Respondent. | Case No.: 3:26-cv-2935-CAB-SBC<br>**ORDER:**<br>**(1) GRANTING MOTION TO SEAL, [Doc. No. 10]; and**<br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS.** |

Petitioner Hatim Abdel Mongy Abdala Baker has filed a second petition for a writ of habeas corpus pursuant to 8 U.S.C. § 2241. [Doc. No. 1 ("Petition").] As a result of a prior habeas petition, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226. [*See Abdala Baker v. Gordon*, No. 3:25-CV-3539-CAB-SBC at Doc. Nos. 4, 5, 8.] At that hearing, the immigration judge ("IJ") denied bond finding Petitioner was both a danger to the community and a flight risk. [*Id.* at Doc. No. 8.] Petitioner then filed an opposition to the bond hearing and after additional briefing and review, the Court agreed with Respondents that Petitioner should have exhausted administrative remedies by appealing to the Board of Immigration Appeals ("BIA") before asking the federal district court to review the IJ's decision. [*Id.* (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th

Cir. 2011).] Upon review of the briefing for this Petition, the Court maintains that Petitioner must exhaust his administrative remedies via review by the BIA before pursuing habeas action in federal district court.[1]

Petitioner also alleges that he suffers from severe medical conditions, "including prostate cancer requiring surgical intervention, a history of open-heart surgeries, Type II diabetes, and hypertension—all of which have been inadequately treated in detention." [Doc. No. 6 at 2–3.] Such a challenge to conditions of confinement may be brought in a civil action, usually under 42 U.S.C. § 1983 or *Bivens*, not a habeas claim. *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1046 (C.D. Cal. 2020); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

For the foregoing reasons, the Court **DENIES** the Petition. The Court also orders Petitioner's counsel to provide a copy of this Order to Petitioner and to notify the Court when this has been done.

Finally, the Court **GRANTS** Respondent's motion to seal the declaration containing Petitioner's private medical information. [Doc. No. 10 (requesting to file Doc. No. 11 under seal).]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: August 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] The Court reminds Petitioner's counsel that an attorney may be subject to sanctions or other discipline for filing a habeas petition or motion to enforce judgment for a petitioner with a previously adjudicated petition and no new facts or circumstances. *See also Singh v. Warden of Imperial Regional Detention Facility*, *et al.*, No. 3:26-cv-154-BAS-MSB; *Bah v. Divver, et al.*, No. 3:26-cv-1453-BAS-DDL.